The opinion of the-. Court was delivered by
Duncan J.
The plaintiff in error contends, .that the ob-; ligation which he entered into, as the security of James Hildebrand., the constable of Allen township, which was “ in trust for the use and benefit of all persons who might sustain an injury from him in his official capacity, by reason of his neglect of duty/’ did not extend to the execution; inasmuch as he was not bound to execute this process against the constable of East Pennsboro. .
The .duties of constable, so far, as respects the execution of civil process, depend on the Acts of Assembly giving jurisdiction to justices of the peace. ' These Acts jare consolidated in.the Act of ,2.0th March, 1810. So far as respects the ■jurisdiction of the justice, it is admitted that it is notliriiited to the township or district for which. he may have been commissioned, but is co-extensive with the county. ■ An attempt to restrain it has proved abortive. Whether the alleged inconveniences from the general exercise of the power to issue process throughout the county, would or would not be counterbalanced by the mischiefs that-would flow from circum- . scribing the authority within narrower bounds, the township or district for which .they are commissioned., is'for Legislative consideration and enactment.
*352 The justices, 'by the 2d sect, of-that Act, are empowered to issue their summons or warrant of arrest, directed to the constable of the ward, township or district,' where the defendant usually resides, or to the next constable most convenient to the, defendant; and by the 6th and 9th sections of the same Act, after the. expiration of the stay of execution, on any judgment, the justice is required to direct the execution to the constable of the ward or district where the defendant resides, or to the next constable most convenient to the defendant. Allen and East Pennsboro are adjoining ■ townships ; so that the justice here has complied with the exact letter of the law. Where the justice proceeds for a crime, he may direct his warrant to any person by, na.me, but where he' acts 'on the' civil side, he has no more authority to direct his process to a private individual, than the Court of Common Pleas have to direct' their process to any other than the Sheriff. The Sheriff is the officer of the Court; 'the constables are the officers’of .the, justices, so far as they are authorised by. law to command them- The-decisions in England, to which we have been referred, have no relation to civil process. When they speak of warrants directed to- constables, they are for offences. The law' may be. the same here on such warrants, and in such cases it well may be that on a Warrant generally directed to all constables, none.can execute it out of his ovm precinct; but if directed by name to a particular constable, he may execute it any where, within the justice’s'jurisdiction. 2 Hawk. 86. 1 II. H. P. C. 581. 2 II. H. P. C. 110. Foster’s Crown'Law, 312.. Though I am not to be Understood as giving any opinion how that stands ; it it is unnecessary to decide it. As the jurisdiction in this case is unknown'to the common law, regulated by Acts of Assembly, and where the Legislature have required-the justice to issue the process to the constable of the township in which the'defendant resides, or the next constable most convenient to him, I cannot but consider the process, if directed to the one or the other, as authorised b,y law, and that the constable to whom it is directed is bound to execute it. ■ Nor would I restrain this rigidly to the very next constable.; • or that the justice is exactly to measure the distance from the next constable to the defendant’s residence. For where a statute required an affidavit to be' made before a justice Within the *353 hundred or near to the same, this is only directory, and an affidavit taken before :one, not the next justice is sufficient. .Bull's N. P. 186. A penal statute requiring a notice to be given in a market town near the place, does not confine it to the next market town, but gives some latitude, yet not so as to embrace remote places. Foster's Crown Law, 58. Next in a criminal proceeding would be more restrictive ; ■ yet in a civil one, it could not be restricted in all eases to the very next, because it would render the execution of the act difficulty and subject to great niceties; but here it was directed to the very next constable to the defendant’s place of residence, and that such direction is good, is all that is now decided. Nor is there any difference, where the process is issued against a.constable for official misconduct. The 12th sect, of the Act provides, “ that the justice shall issue a summons directed for service to a constable or some other fit person, who shall consent to serve the same, and having so consented by acceptance of the process, shall be bound to execute it, under a penalty of twenty dollars ; but,should not a constable or other fit person be found, the justice shall direct it to the supervisor of the high way, of the township where such constable resides, who shall serve it under the like penalty for refusal.” This section' proves, first, that it required special authority to enable the justice to issue to any other than a constable ; next, that it may be directed to any constable—a constable, not confined to township ; and then, that when the Legislature intends to confine the execution of process by an officer, they do so in express terms ; ■ as here to a supervisor; it is to be the supervisor of the highway of the township where the defendant resides, but where to a constable it is without restriction. Under the Act of 21st March, 1772, for rendering justices of the peace more safe in the execution of their office, and indemnifying constables and others acting in obedience to their warrants, it cannot be denied, but .that protection would have been afforded to Hildebrand in the execution of this process. Though obligations of securities for officers are not to be extended, yet they are to receive a reasonable construction, or it is useless to take them. The sum in which they are bound for constables is very inadequate. Beyond that they are not, liable. They know or ought to know what has been the practice. It is universal practice, *354 not confined to on6 justice, or one county, but pervading the State, for justices to issue warrants and executions to other than constables residing in the same township with the defendant. This usage would have some weight were the case a doubtful one. But it does not require the aid of any usage to support the opinion of the Court of Common Pleas. For I think that the plaintiff below established a breach of the official duty of the constable ; he' sustained an injury for his neglect of duty in his official capacity, according to the very tenor of the obligation; that the justice had authority to issue thiS( process against the constable of East Pennsboro to the constable of Allen, by his naipe of office ; that the constable of Allen in his character, name, and capacity of constable, was bound to execute it, and that for this official misconduct and neglect of duty, his security is answerable. My opinion is, that the judgment be affirmed.
Judgment affirmed.